**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| FERNANDO ALVES PESSOA; JESSICA AURELIA QUEIROZ PESSOA; G.Q.P.; C.Q.P., | No. 24-1076 |
| Petitioners, | Agency Nos. A220-281-833 A220-281-834 A220-281-835 A220-281-836 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Fernando Alves Pessoa, his wife Jessica Aurelia Queiroz Pessoa, and their

minor children G.Q.P. and C.Q.P., natives and citizens of Brazil, petition pro se for

review of the Board of Immigration Appeals' ("Board") decision dismissing their

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal from an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and Convention Against Torture ("CAT") protection. We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review questions of law, including due process challenges, de novo. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny the petition for review.

Any translation inaccuracies do not amount to a due process violation, because there is no showing that they prejudiced Petitioners. *See Siong v. Immigr. & Naturalization Serv.*, 376 F.3d 1030, 1041–42 (9th Cir. 2004).

Substantial evidence supports the Board's finding that Petitioners could reasonably and safely relocate in Brazil. Thus, they do not have a well-founded fear of future persecution, and so their asylum and withholding of removal claims fail. *See Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021).

Substantial evidence also supports the Board's denial of CAT relief, because Petitioners have not shown that any government authorities would consent or acquiesce to their future torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–35 (9th Cir. 2014).

We need not consider Petitioner's argument that the Board failed to consider past persecution from the minor Petitioners' perspective, because the foregoing

grounds are independently dispositive of Petitioners' claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

**PETITION DENIED.**